UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREN HOLGUIN, | Civil Action No. |
| Plaintiff, | 2:15-cv-07016-SDW-LDW |
| v. | **REPORT AND RECOMMENDATION** |
| KOHL'S DEPARTMENT STORE, INC., XYZ CORP. 1-5, JAMES MORRELL, and JOHN DOE 1-3, | |
| Defendants. | |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is the motion of plaintiff Karen Holguin to remand this action to state court pursuant to 28 U.S.C. §1447. (ECF No. 3). United States District Judge Susan D. Wigenton referred this motion to the undersigned for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. Having considered the parties' submissions, for the reasons set forth herein, and for good cause shown, this Court recommends that plaintiff's motion to remand be **GRANTED**.

I.   **BACKGROUND**

Plaintiff, a New Jersey citizen, initially commenced this action in the Superior Court of New Jersey, Bergen County, Law Division against Kohl's Department Store, Inc. ("Kohl's"), James Morrell, and fictitious defendants. (Compl., ECF No. 1-1). Plaintiff alleges that on January 2, 2014, she sustained severe and permanent injuries after falling on advertising signage that was on the floor of a Kohl's store in Paramus, New Jersey. (*Id.*). Plaintiff contends that her fall was a

direct and proximate result of the negligence and carelessness of defendants, who allegedly controlled the premises at the time of the incident. (*Id.*).

Defendant Kohl's, a Delaware corporation with its principal place of business in Wisconsin, together with defendant James Morrell, a New Jersey citizen, timely removed the action to this Court on the basis of diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1). Although defendants concede that Morrell is a New Jersey citizen, they maintain that he is not a proper defendant and was fraudulently joined in this action for the sole purpose of precluding diversity jurisdiction. (ECF No. 1 ¶10). Defendants aver Morrell was neither on duty nor present at the time of the alleged incident. (ECF No. 1 ¶12). They further contend that as a manager, Morrell has no responsibility or control over the placement, removal, maintenance, or inspection of the store's interior signage. (*Id.*). Defendant Morrell has provided an Affidavit with the Notice of Removal to support these assertions. (Morrell Aff., ECF No. 1-1).

## II. DISCUSSION

### A. Summary of the Motion

Plaintiff moves pursuant to 28 U.S.C. §1447 to remand this action to state court based on a lack of subject matter jurisdiction. (ECF No. 3). Plaintiff argues that defendant Morrell, a New Jersey citizen and Kohl's store manager, is a proper party to this action and that, therefore, no diversity jurisdiction exists. (ECF No. 3-1 ¶23). Defendants Kohl's and Morrell oppose the motion, maintaining that removal of this action was proper. (ECF No. 5 at 2). They argue that complete diversity does exist because plaintiff has alleged no colorable claim against Morrell and has fraudulently joined him in this action solely to prevent this Court from having subject matter jurisdiction over the action. (ECF No. 5 at 1).

### B. Legal Standard

When a party moves to remand an action to state court based on a lack of subject matter jurisdiction, the party opposing remand has the burden of demonstrating that the case is properly before the Court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Removal statutes are strictly construed, and all doubts are resolved in favor of remand. *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

Under 28 U.S.C. § 1332, a district court has diversity subject matter jurisdiction to hear "civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." If the Court lacks subject matter jurisdiction over an action, it does not have the authority to adjudicate the merits of the case, and any decision it renders in the absence of subject matter jurisdiction is void. *Alston v. Kean Univ.*, 604 F. App'x 216, 217 (3d Cir. 2015); *Cruz v. U.S.*, 537 F. App'x 26, 28 (3d Cir. 2013), *cert. dismissed*, 134 S. Ct. 1568 (2014); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). Thus, the presumptive rule is that the Court lacks subject matter jurisdiction based on diversity of citizenship where a plaintiff and a defendant are citizens of the same state or where one of the defendants is a citizen of the forum state. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Sullivan v. Novartis Pharmaceuticals Corp.*, 575 F. Supp. 640, 642 (D.N.J. 2008).

The doctrine of fraudulent joinder is an exception to the requirement that diversity subject matter jurisdiction be predicated solely upon complete diversity. *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006). "Joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to

prosecute the action against the defendant or seek a joint judgment.'" *Boyer,* 913 F.2d at 111 (quoting *Abels,* 770 F.2d at 32); *see also In re Briscoe,* 448 F.3d at 217. The party asserting fraudulent joinder has a heavy burden of persuasion. *Boyer,* 913 F.2d at 111. "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Id.*

### C. Analysis

Defendants have failed to meet their burden of demonstrating that Morrell was fraudulently joined in this action. This Court repeatedly has held that claims for negligence against individual store managers like Morrell are colorable, even where the employer may be held vicariously liable, because both the employer and individual employee may be jointly and severally liable. *See Carvajal v. Target Stores, Inc.,* No. 15-CV-03797 SDW-MAH, 2016 WL 111423, at *3 (D.N.J. Jan. 11, 2016); *Briganti v. HMS Host Int'l,* No. 14-CV-4813 CCC-SCM, 2015 WL 1268300, at *4 (D.N.J. Mar. 16, 2015); *Cardillo v. Wal-Mart Stores, Inc.,* No. 14-CV-2879 MAS, 2014 WL 7182525, at *2 (D.N.J. Dec. 16, 2014); *see also Printing Mart-Morristown v. Sharp Elecs. Corp.,* 116 N.J. 739 (1989) ("[W]hen an employee performs an act that is otherwise a tort, the employee is not relieved of liability simply because he or she acted on behalf of the employer."). Plaintiff alleges in her Complaint that defendants controlled the Kohl's store at which she was injured, and that defendants negligently and carelessly maintained the premises so as to allow a dangerous and hazardous condition to occur. (Compl., ECF No. 1-1 ¶6). This amounts to a colorable negligence claim against a store and its manager.

In their opposition to this motion, defendants rely heavily on the assertions that Morrell was neither on duty at the time of the alleged incident nor responsible for the placement or removal

of the store's interior signage, which Morrell attests to in an Affidavit. (Morrell Aff., ECF No. 1-1). Although the Court must accept all allegations in the Complaint as true and resolve any doubts in favor of remand, it may under certain circumstances consider reliable evidence that defendant provides in support of removal. *In re Briscoe*, 448 F.3d at 220. But even if the Court were to accept as true the statements in the Affidavit, this would not render plaintiff's claim against Morrell "wholly insubstantial and frivolous" so as to warrant a finding of fraudulent joinder. *Batoff*, 977 F.2d at 852.

A fraudulent joinder analysis, because it is merely a threshold jurisdictional determination, requires a less searching inquiry into the validity of the Complaint than that which is trigged by a motion to dismiss under Rule 12(b)(6). *Batoff*, 977 F.2d at 852. This action is in its early stages, and discovery has not yet commenced. Even if it were proper for the Court to consider Morell's certification that he was not on duty at the time of plaintiff's accident and that decisions as to the placement and removal of store signage are not made by him but rather by Kohl's Corporate Office, such facts are not necessarily dispositive of the negligence claims asserted against him.

In their Answer to the Complaint, defendants admit that Morrell was an employee of Kohl's Department Store, Inc. (ECF No. 4 ¶4). Defendants also do not deny that on the date of the alleged incident Morrell worked as a manager at the Kohl's store in question. (*See* ECF No. 4 ¶¶4-5). The Court has been provided with no information about when Morrell's shift ended relative to when plaintiff's injury allegedly occurred. This leaves open the possibility that while Morrell was on duty, the store's signage created a hazardous condition that Morrell negligently failed to remedy, ultimately causing plaintiff's fall. This would create a viable theory of liability as to Morrell, even if plaintiff's fall occurred after his shift ended.

The Court is similarly unpersuaded by defendants' argument that Morrell was fraudulently joined because Kohl's Corporate Office, rather than Morrell, "controls the placement and removal of the store's interior signage." (Morrell Aff. ¶3, ECF No. 1-1). Defendants do not deny plaintiff's allegation that Morrell operated or maintained the Kohl's store premises on the date of the incident. (See ECF No. 4 ¶5). The fact that Kohl's Corporate Office directs placement and removal of signage does not preclude the possibility that employees on site, including the store manager, have a duty to adjust fallen or displaced signs should one of those signs create a hazardous condition to a business invitee. Indeed, the Court does not read the Morrell Affidavit as asserting that corporate officials in Wisconsin assume such day to day duties of store conditions in New Jersey. That duty would obviously fall on the local employees of the store, including the store manager. Therefore, there appears to be a colorable, non-frivolous claim against Morrell for negligence that precludes a finding of fraudulent joinder.

### III.  CONCLUSION

For the reasons stated above, this Court respectfully recommends that plaintiff's motion to remand this action to the Superior Court of New Jersey be **GRANTED**.


Dated: February 19, 2016

*Leda Dunn Wettre*
**Leda Dunn Wettre**
**United States Magistrate Judge**


Original:   Clerk of the Court
    cc:   Hon. Susan D. Wigenton, U.S.D.J.
          All Parties